

**Driving progress through partnership**

**Rebecca R. Hanson**
Direct Phone: +1 312 207 2831
Email: rhanson@reedsmith.com

**Molly E. Nehring**
Direct Phone: +1 312 207 2846
Email: mnehring@reedsmith.com

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400

MEMORANDUM ENDORSED

September 12, 2023

*Via ECF*

Magistrate Judge Gabriel W. Gorenstein
United States District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *M.R. v. United Healthcare Insurance Company, et al.*, No. 1:23-CV-4748 (S.D.N.Y.)
        Letter regarding Defendants' Reply in Support of Motion to Dismiss

Dear Magistrate Judge Gorenstein:

We represent Defendants UnitedHealthcare Insurance Company, United Behavioral Health (collectively, "United"), Pfizer Inc. ("Pfizer"), and the Pfizer Health and Welfare Benefit Plan (the "Plan" and together with United and Pfizer, "Defendants") in the above-referenced matter. This case is an ERISA health benefits dispute relating to mental health care Plaintiff's minor child, J.S., received at Evoke at Entrada, a wilderness therapy program, from August 20, 2020 to November 16, 2020. *See* Compl. (ECF No. 1), ¶¶ 6, 7. Given the early stages of this litigation, the parties do not have a protective order in place. Accordingly, pursuant to the Court's Individual Motion Practices and Rules, Defendants write to request sealing of United Exhibit 3 in its entirety, which is attached to the Declaration of Sherilee Jackson (ECF No. 29-1) in support of Defendants' Reply in Support of Defendants' Motion Dismiss ("Reply") (ECF No. 29).

Fed. R. Civ. P. 5.2(a) requires redaction of (i) the first six numbers of an individual's social security number, (ii) the year of an individual's birth, (iii) a minor's initials and (iv) all but the last four digits of a financial account number. Fed. R. Civ. P. 5.2(a). Additionally, information related to a party's medical

ReedSmith

Magistrate Judge Gabriel W. Gorenstein
September 12, 2023
Page 2

condition is often deemed to be "inherently sensitive" and is generally protected from public disclosure and restricted by federal statute. *Doe v. Hyassat*, 2022 U.S. Dist. LEXIS 222870, Case No. 1-18-cv-06110-PGG, at *2 (Dec. 7, 2022 S.D.N.Y), *citing The Health Insurance Portability and Accountability Act of 1996 (HIPAA)*, Pub.L. No. 104-191, 110 Stat. 1936 (1996).

In ERISA cases like this one and in other matters dealing with an individual's private medical history and records, courts in this district and its neighboring districts have recognized a party's privacy interest in his medical information and have granted requests to seal. *See e.g.*, *Aitken v. Aetna Life Ins. Co.*, 2018 U.S. Dist. LEXIS 164008, Case No. 16 Civ. 606 (PGG), at *2 n.2 (S.D.N.Y. Sept. 25, 2018) (ERISA action in which administrative record was filed under seal); *Wallace v. Grp. Long Term Disability Plan for TDAmeritrade Holding Corp.*, 2021 U.S. Dist. LEXIS 56035, Case No. 19 Civ. 10574 (ER), at *2 n.1 (S.D.N.Y. March 24, 2021 (same); *Valentini v. Grp. Health Inc.*, 2020 U.S. Dist. LEXIS 241859, Case No. 20-CV-9526 (JPC), at *3 (S.D.N.Y. Dec. 23, 2020) (granting motion to seal plaintiff's confidential health records and references to those records in motion to dismiss); *Parker v. Brann*, 2022 U.S. Dist. LEXIS 228207, Case No. 1:20-cv-009408, at *22 (S.D.N.Y. Dec. 17, 2022) (granting motion to seal exhibit to declaration which contained plaintiff's medical records); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 2021 U.S. Dist. LEXIS 173846, No. 14-CV-0476S (WMS), at *4 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 415 (E.D.N.Y. 2016) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contained such information.").

Here, United Exhibit 3 should remain under seal, in its entirety. United Exhibit 3 is a December 18, 2020 letter written by Plaintiff to United Behavioral Health which contains Protected Health Information and Individually Identifiable Information of Plaintiff's minor child, J.S., which is protected

Magistrate Judge Gabriel W. Gorenstein
September 12, 2023
Page 3

**ReedSmith**

by HIPAA.  Specifically, the December 18, 2020 letter includes references to J.S.'s personal medical history. While United Exhibit 3 is referenced in and discussed in Plaintiff's Complaint (*see* Compl. ¶¶ 15-27), the Complaint does not directly quote from the December 18, 2020 or reference any specific treatment that J.S. received while at Evoke, thus, this information has not previously been disclosed. As such, out of an abundance of caution and to maintain the privacy interest in the medical information of Plaintiff's minor child, Defendants respectfully request that United Exhibit 3 remain under seal.  Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Rebecca R. Hanson*
Molly E. Nehring
Rebecca R. Hanson

cc:     Counsel of Record (*via CM/ECF*)

Granted.  The defendant is directed to file the referenced exhibit on the ECF system under seal forthwith.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
September 13, 2023