UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.R., individually and on behalf of J.S., a minor,

                              Plaintiff(s),

  -against-

UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, PFIZER INC and PFIZER HEALTH AND WELFARE BENEFIT PLAN,

                             Defendant(s).

Case No. 23-cv-4748 (GHW) (GS)

## **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

      WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

      1.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.    The Parties desire to ensure the privacy of HIPAA protected information, including patient/insured/member medical records, patient/insured/member claims information,

and other information that the Parties have determined might contain sensitive personal information, including Protected Health Information, Individually Identifiable Information, and any other protected information, as defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, and agree that any such information may be designated as "Confidential."

     a.     Protected Health Information, as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to: medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from patient health information.

     b.     Individually Identifiable Information, as used herein, means information referred to and identified in 45 C.F.R. §164.514(b), including, but not limited to: name; address; names of relatives; name of employers; all elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

     c.     Additionally, the Parties and their attorneys and any future parties and their attorneys in this Action, and any "covered entities," as that term is defined in 45 C.F.R. § 160.103, are hereby authorized to receive, subpoena, disclose, and transmit Confidential Material to the extent and subject to the conditions outlined herein.

     3.     The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

     a.     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, insurance coverage, sales reports, and sale margins);

     b.     previously non-disclosed material relating to ownership or control of any non-public company;

  c.  previously non-disclosed medical policies, business plans, product-development information, or marketing plans;

  d.  information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law;

  e.  Patient Health Information, Patient Identifying Information, or other HIPAA Information further defined in Paragraph 2, 2a and 2b above;

  f.  any information of a personal or intimate nature regarding any individual; or

  g.  any other category of information this Court subsequently affords confidential status.

  4.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

  5.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

  6.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

  7.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

  8.  No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

  a.  the Parties to this action, their insurers, and counsel to their insurers;

    b.    counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    d.    any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

    f.    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    g.    any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    h.    stenographers engaged to transcribe depositions conducted in this action; and

    i.    this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of

any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, or in cases where the Parties have consented to the jurisdiction of Magistrate Judge Stein for all purposes, shall follow Section I(H) of Magistrate Judge Stein's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed instead of Magistrate Judge Stein's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| | |
|---|---|
| Dated: April 15, 2024 | Dated: April 15, 2024 |
| /s/ Brian S. King | /s/ Rebecca R. Hanson |
| Brian S. King | Rebecca R. Hanson |
| Brent J. Newton | Molly E. Nehring |
| Samuel M. Hall | **Reed Smith LLP** |
| **Brian S. King, P.C.** | 10 S. Wacker Dr., 40th Floor |
| 420 E. South Temple, Ste. 420 | Chicago, IL 60606 |
| Salt Lake City, UT 84111 | T: (312) 207-1000 |
| T: (801) 532-1739 | rhanson@reedsmith.com |
| F: (801) 532-1936 | mnehring@reedsmith.com |
| brian@briansking.com | |
| brent@briansking.com | *Attorneys for Defendants* |
| samuel@briansking.com | |
| | |
| *Attorney for Plaintiff M.R., individually and on behalf of J.S., a minor* | |

- 7 -

Dated: April  16 , 2024
      New York, New York

SO ORDERED. *[signature: Gary Stein]*

_____

**GARY STEIN**

United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.R., individually and on behalf of J.S., a minor,

                Plaintiff(s),

-against-

UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, PFIZER INC and PFIZER HEALTH AND WELFARE BENEFIT PLAN,

                Defendant(s).

Case No. 23-cv-4748 (GHW) (GS)

    I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                        _____